3

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID R. WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Chapter 7 Trustee
J. Michael Hopper

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>LIN M. BARTEE and<br>CHRISTINE J. WENGER-BARTEE,<br><br>Debtors. | Case No. 03-23700-C-7<br>Chapter 7<br><br>DCN: DNL-28<br><br>Date: November 15, 2011<br>Time: 9:30 a.m.<br>Place: Dept. C, Courtroom 35<br>501 I Street, 6th Floor<br>Sacramento, CA. 95814 |

### MOTION FOR AUTHORITY TO SELL REAL PROPERTY

Chapter 7 trustee J. MICHAEL HOPPER ("Trustee") hereby moves for authority to sell the bankruptcy estate's interest in improved real property in Costa Rica formally described as Tres Rios De Coronado, 400 Norte Del Puen Te De Armahacas Cas C/l Crema, and described as Tres Rios de OSA, lot 2-48, located in the province of Puntarenas, Costa Rica ("Subject Property") to PEGGY JANETH MANRESA and MANOLO EDMUNDO CANALES VILLATORO (collectively "Buyers") for the purchase price of $70,000, subject to Bankruptcy Court approval and overbidding at the sale hearing. In support of his motion, Trustee submits the following:

1

## JURISDICTION AND BACKGROUND

1. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. Sections 157 and 1334; and 11 U.S.C. Section 363(b)(1).

2. On April 3, 2003, LIN M. BARTEE and CHRISTINE WENGER-BARTEE (collectively "Debtors") commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. The case was closed on May 19, 2009, and re-opened on July 31, 2009.

3. Trustee GERALD I. AINSWORTH ("Former Trustee") served as the duly appointed trustee through case closure and from re-opening through July 20, 2011. Trustee was appointed successor trustee on July 20, 2011.

4. Among the assets of the Debtors' estate is an interest in the Subject Property.

5. On July 8, 2010, the Court entered an order ordering the Debtors to account for and turn over the Subject Property to Former Trustee.

6. On June 9, 2011, the bankruptcy court granted DNL-24, Former Trustee's application to employ OSA Tropical Properties S.A. ("Broker") as his Broker to market the Subject Property.

7. On September 30, 2011, the Court entered an order granting DNL-27, Trustee's application to re-employ Broker to advertise the Subject Property, show the Subject Property to interested parties, and represent the estate as seller in connection with the sale of the Subject Property. Broker has agreed to perform these services in return for a commission of 10% of the sale price of the Subject Property.

8. Trustee initially accepted an offer on the Subject Property from KENNETH TRESTMAN and JODY TRESTMAN (collectively "Trestmans") in the amount of $35,000, subject to bankruptcy approval and overbidding. However, prior to obtaining bankruptcy court approval of the sale agreement, Trustee received an overbid from the Buyers on the Subject Property.

## PROPOSED SALE

9. Subject to bankruptcy court approval and overbidding, Trustee and the Buyers have entered into a purchase and sale agreement for the sale of the bankruptcy estate's interest in the Subject Property. Pursuant to the sale agreement, Trustee shall sell and the Buyers shall buy the

| | |
|---|---|
| 1 | estate's interest in the Subject Property for the purchase price of $70,000, payable by way of a $500 deposit with the balance due within 10 calendar days of Trustee's acceptance of the offer or on the date stated by the Court. The Buyers have agreed to accept the Subject Property in "as is" condition. The Buyers' obligation to purchase the Subject Property is contingent upon clear title in the national registry as of now and through the date of closing and that there are no liens and encumbrances, mortgages or judicial annotations on the Subject Property. |

10. Pursuant to 11 U.S.C. 363(b)(1), Trustee can sell property of the estate other than in the ordinary course of business after notice and hearing. The Subject Property is property of the estate and it is Trustee's opinion that approving the sale is in the best interests of the estate because the estate will receive the net sale proceeds for distribution to estate creditors. The pending offer is $35,000 more than the only other offer Trustee has received on the Subject Property, and Trustee has received proof of available purchase funds from the Buyers.

**WHEREFORE** Trustee prays that,

(1) The motion be granted,

(2) Broker's 10% commission fee be allowed as an administrative expense of the estate, and that the commission fee be paid out of escrow funds from the sale of the Subject Property.

(3) Such other and further relief as the Court deems necessary and proper.

Dated: October 19, 2011

DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. LUKE HENDRIX
Attorneys for J. Michael Hopper
Chapter 7 Trustee

3